IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 SEP 16 PM 1: 23
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Karen Bowman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Arrow Financial Services, LLC, a ) | |
| Delaware limited liability company, and ) | 1:10-cv-1171 TWP-TAB |
| Weltman, Weinberg & Reis Co., L.P.A., ) | |
| an Ohio limited professional association,) | |
| ) | |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Karen Bowman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the Defendants' collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3. Plaintiff, Karen Bowman ("Bowman"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt owed originally to GE Money Bank.

1

4. Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Arrow was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5. Defendant Arrow is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Weltman operates a nationwide delinquent debt collection law firm, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.

## FACTUAL ALLEGATIONS

7. Plaintiff Bowman fell behind on paying a debt she owed to GE Money Bank. After the GE Money Bank debt went into default, it was purchased by Defendant Arrow. On June 3, 2009, Arrow had another debt collector, Redline Recovery Services, LLC ("Redline") send Ms. Bowman a letter, demanding payment of the GE Money Bank debt. The June 3, 2009 letter set forth that the balance due was $2,411.76. A copy of this letter is attached as Exhibit A.

8. On November 6, 2009, Defendant Weltman, on behalf of Arrow, sent Ms. Bowman a letter demanding payment of the Arrow/GE Money Bank debt, which stated that the balance due, as of November 6, 2009, was $2,588.42. A copy of this November 6, 2009 letter is attached as Exhibit B.

9. Shortly thereafter, on November 23, 2009, Defendant Weltman, on behalf of Defendant Arrow, sent Ms. Bowman a letter stating that the balance due as of November 23, 2009 was actually $2,411.76 – the same amount as set forth in Redline's June 3, 2009 letter (Exhibit A). A copy of Weltman's November 23, 2009 letter is attached as Exhibit C.

10. On or about December 10, 2009, Defendant Weltman, on behalf of Defendant Arrow, filed a small claims lawsuit against Ms. Bowman, styled Arrow Financial Services, LLC v. Karen Bowman, No. 29D02-0912 CC/535 (Hamilton County, Indiana). A copy of this lawsuit is attached as Exhibit D. The Complaint stated that amount then due was " . . . the principal amount of $2411.76 together with accrued interest of $0.00 through the date of judgment plus interest thereafter on the principal at the rate of 24.750% per annum and costs." (See, Exhibit D at p. 2, ¶ 2). Attached to the Complaint as Exhibit A was a purported statement from Defendant Arrow, showing that, as of October 1, 2009, the amount of the Arrow/GE Money Bank debt was $2,411.76. (See, Exhibit D at p. 3).

11. On January 28, 2010, Defendant Weltman, on behalf of Defendant Arrow, sent Ms. Bowman yet another collection letter demanding payment of Arrow/GE Money Bank debt, stating that the amount of the balance due was then $2,560.76. A copy of

this letter is attached as Exhibit E.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e(2)(A) Of The FDCPA – False Statements As to the Amount of the Debt

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. The June 3, 2009 letter from Redline (Exhibit A), the November 23, 2009 letter from Weltman (Exhibit C), the December 18, 2009 complaint (Exhibit D) and October 1, 2009 Arrow "statement" (Exhibit D at p. 3), all showed that the Arrow/GE Money Bank debt was $2,411,76, and was not accruing interest. Thus, the statement in Defendants' November 6, 2009 letter, that the amount of the debt was $2,588.42 (Exhibit B), and the statement in Defendants' January 28, 2010 letter, that the amount of the debt was $2,560.76 (Exhibit E), were false, deceptive or misleading, in violation of §1692e(2)(A) of the FDCPA; see also, Pickard v. Lerch and Wright, 2005 WL 1259629 at [*3](S.D. Ind. 2005).

17.     Defendants' violations of § 1692e(2)(A) of the FDCPA renders them liable for damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation of § 1692e and § 1692f Of The FDCPA –
### False And Unfair Or Unconscionable Statements As To
### The Amount Of Post-Judgment Interest

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.  Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, see 15 U.S.C. § 1692f(1).

20.     The Complaint which the Defendants filed against Ms. Bowman sought " . . . the principal amount of $2411.76 together with accrued interest of $0.00 through the date of judgment plus interest thereafter on the principal at the rate of 24.750% per annum and costs." (See, Exhibit D at p. 2, ¶ 2).  Pursuant to Indiana Code 24.4.6-1-101, interest on judgments for money shall be at "(1) the rate agreed upon in the original contract sued upon, *which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment*" see, IC 24-4.6-1-101(emphasis added).  Thus, Defendants' statement in the Complaint, that they were entitled to collect 24.750% interest, was

false, deceptive or misleading, in violation of §1692e of the FDCPA, and unfair or unconscionable, in violation of §1692f of the FDCPA; see also, Pickard, 2005 WL 1259629 at [*3].

21. Defendants' violation of § 1692e and §1692f of the FDCPA renders them liable for damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Karen Bowman, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Bowman, and against Defendants, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Karen Bowman, demands trial by jury.

Karen Bowman,

By: _____
One of Plaintiff's Attorneys

Dated: September 16, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert   (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com